FILED
2007 Jan-04  PM 12:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* DENISE BRUNSON, et al., }<br>}<br>     Plaintiffs, }<br>}<br>v. }<br>}<br>NARROWS HEALTH AND WELLNESS, LLC, }<br>}<br>     Defendant. } | CIVIL ACTION NO.<br>06-AR-1148-S |

**MEMORANDUM OPINION AND ORDER**

On December 18, 2006, this court granted defendant's Rule 12(b)(6) motion to dismiss the above-entitled *qui tam* action, but granted plaintiffs leave to amend their complaint by December 29, 2006, in certain crucial respects. It was not the court's intent on December 18, 2006, to dismiss the *relators*' individual claims of retaliatory constructive discharge as set forth in Counts Two and Three, but only the *qui tam* claim set forth in Count One.

The court's opinion of December 18, 2006, concluded with these words: "If plaintiffs elect to file a third amended *qui tam* complaint, their description of how Narrows's allegedly fraudulent claims were presented to an officer or employee of the United States must meet the specificity requirements of Rule 9(b) or they run the risk of having their action dismissed with prejudice". On December 29, 2006, instead of amending their complaint to overcome the shortcomings pointed out on December 18, 2006, plaintiffs filed a motion for an extension of the time

within which to amend, citing a need for discovery with respect to facts found to be essential to the statement of a viable claim under the False Claims Act.  In their motion for an extension, plaintiffs do not say what they were doing between December 18, 2006, the date upon which the time for amending began to run, and December 29, 2006, when the amendment was due.  Plaintiffs dawdled.  Plaintiffs' motion concludes with this facially erroneous allegation:  "No party will be prejudiced or disadvantaged from the granting of this motion".

As this court routinely does when a motion is not designated on its face as "opposed" or "unopposed", as called for by the Uniform Initial Order used by all judges of the Northern District of Alabama, the court telephoned defendant's counsel to see if defendant opposes plaintiffs' motion, and predictably was informed that it does.  Without asking defendant why it opposes the motion, and without seeing any need to conduct a hearing or to set a briefing schedule on plaintiffs' motion, the court, without defendant's help, finds several good reasons why plaintiffs' motion should be denied.  First, the motion comes too late.  There is no reason given, and the court can find no reason, why a request for discovery, if discovery is needed, could not have been filed sooner.  Further, if plaintiffs' motion were granted, defendant would be called upon to engage in expensive discovery on issues that should have been developed by

Case 2:06-cv-01148-WMA   Document 30   Filed 01/04/07   Page 3 of 4

plaintiffs as part of their preparation for the filing of their original complaint.  In other words, to grant plaintiffs' motion would, in fact, prejudice defendant, despite plaintiffs' conclusory allegation to the contrary.  It would be a bizarre procedure to allow, after the complaint is filed, discovery of things that are integral to the statement of the cause of action in the first place.  Third, the court on December 18, 2006, made it plain that the specificity requirements of Rule 9(b) apply to the averments that a false claim be presented to an actual officer or employee of the United States.  Although a *qui tam relator*'s intimate familiarity with the practices and procedures that are involved in the perpetration of a fraud on the United States may ameliorate the Rule 9(b) requirements of particularity with respect to the acts of fraud themselves, there is no reason to extend such an amelioration to the *relator*s' obligation to designate with specificity the officers or employees of the United States to whom the false claims were presented.

   One day after this court rendered its opinion of December 18, 2006, in which this court followed the D.C. Circuit's opinion in *Totten v. Bombardier Corp.*, 380 F.3d 488 (D.C. Cir. 2004), the Sixth Circuit on December 19, 2006, decided *United States ex rel. Thacker v. Allison Engine Co., Inc.*, ____ F.3d ____, 2006 WL 3716362 (6th Cir. Dec. 19, 2006), in which the Sixth Circuit disagrees with the D.C. Circuit.  This court disagrees with the

3

Sixth Circuit and stands by its opinion of December 18, 2006.

For these reasons, plaintiffs' motion for an extension and for discovery, is DENIED. The action, insofar as contained in Count One, will be dismissed by separate order.

DONE this 4th day of January, 2007.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE